IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY PITTS | : | CIVIL ACTON |
| [BE-8166] | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES WYDNER, et al. | : | NO.  06-5354 |

### REPORT AND RECOMMENDATION

M. FAITH ANGELL                                                                                                  August 16, 2007
UNITED STATES MAGISTRATE JUDGE

Presently before this Court is a *pro se* petition for writ of habeas corpus filed, pursuant to 28 U.S.C. §2254, by a state prisoner.  Petitioner is currently incarcerated at the State Correctional Institution in Dallas, Pennsylvania, serving a life sentence for first-degree murder.  For the reasons which follow, it is recommended that the within habeas petition be denied and dismissed as untimely under 28 U.S.C. §2244(d)(1).  It is further recommended that a finding be made that there is no probable cause to issue a certificate of appealability.

### I. BACKGROUND[1]

The background of this case was set forth by the Superior Court of Pennsylvania as follows:

> Pitts' convictions arose from the slaying of Robert Allen as
> Allen was washing his car on the 600 block of Mercy Street on
> February 7, 1989, at 3:30 p.m.  Eyewitnesses heard Pitts argue with

---

[1] In preparing this Report and Recommendation, I have reviewed the following documents: Mr. Pitts' Petition for Writ of Habeas Corpus, and his Memorandum of Law; the Commonwealth's Response to the petition, inclusive of all exhibits thereto; Petitioner's Response to Respondents Response and its exhibits; the government's response to Mr. Pitts' reply; Petitioner's Response to Respondent's Second Reply; and the state court record.

>Allen and observed the shooting. Pitts waived his right to a jury trial and proceeded to trial before the Honorable William J. Manfredi. Following conviction of all the charges, Pitts was immediately sentenced to life imprisonment for first-degree murder. Subsequently, trial counsel filed boilerplate post-verdict motions. Pitts was then appointed present counsel who filed supplemental post-verdict motions. On June 6, 1990, Judge Manfredi denied Pitts' post-verdict motions and reimposed Pitts' life sentence. Judge Manfredi further imposed a concurrent term of imprisonment of two to five years on Pitts' PIC conviction.

*Commonwealth v. Pitts*, No. 1737 Philadelphia 1990, slip op. at [1]-[2] (Superior Court, August 16, 1991).

On direct appeal, Petitioner raised the following issues:

>1) Was the verdict against the weight of the evidence, thus necessitating a new trial?
>
>2) Is the [Petitioner] entitled to a new trial where the Court fails to inform him during a waiver of jury colloquy, that the sentence for first degree murder is life imprisonment without informing that, in Pennsylvania, life imprisonment means life without possibility of parole?
>
>3) Is the [Petitioner] entitled to a new trial wherein undue psychological pressure has been brought to bear upon the [petitioner] by defense counsel compelling [Petitioner] to waive a jury?
>
>4) Is the [Petitioner] entitled to a new trial where trial counsel has been ineffective in failing to secure medical records which would have demonstrated that [Petitioner] was suffering from a major [sic] physical disability at or about the time that this murder in question was committed?
>
>5) Is the [Petitioner] entitled to a new trial where the trial court has refused post-trial counsel funds for an investigator and/or for subpoena service in order to secure medical records which would have demonstrated that [Petitioner] was physically disabled at or about the time the homicide was committed?
>
>6) Is the [Petitioner] entitled to a new trial due to ineffectiveness of

> counsel wherein said counsel fails to cross-examine an eye-witness to the homicide with regard to the said witness' motive to murder the deceased?

*Id.* at [2]. On August 16, 1991, the Superior Court affirmed the judgment of sentence. Mr. Pitts filed a petition for allowance of appeal in the Pennsylvania Supreme Court, which denied further review on February 10, 1992. *See Commonwealth v. Pitts*, No. 821 EDAD 1991 (Pa. 1992), Court of Common Pleas, Appeals Division, Docket at [2].

On December 26, 1996, Petitioner filed a *pro se* Motion for Post-Conviction Collateral Relief pursuant to Pennsylvania's Post Conviction Relief Act (PCRA), 42 Pa.C.S. §9541, *et seq. See* Response, Exhibit A. Mr. Pitts raised the following issues:

> (1) [P]ost-trial and appellate counsel was ineffective in failing to investigate and preserve all issues raised in post-verdict motions;
>
> (2) [P]ost-trial and appellate counsel was ineffective in failing to preserve the issue concerning the trial counsel's failure to produce certain medical records;
>
> (3) [P]ost-trial and appellate counsel was ineffective for failing to raise in post-verdict motions the argument that Petitioner's speedy trial rights had been violated;
>
> (4) [P]ost-trial counsel was ineffective in failing to call as a witness at the post-trial hearing the investigator who had been employed by trial counsel;
>
> (5) [P]ost-trial counsel was ineffective in failing to preserve the issue as to the type of vehicle that was owned by Petitioner at the time of the murder; and
>
> (6) [T]he existence of after-discovered evidence concerning an eyewitness who was present at the scene of the crime.

*Id.*, Exhibit E. Counsel was appointed, who subsequently filed a letter pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) concluding that no issue of arguable merit could

3

be raised in an amended PCRA petition. Upon review of the *Finley* letter, the PCRA court dismissed Mr. Pitts' petition on December 17, 1998.

Petitioner filed a second *pro se* PCRA petition on September 14, 1999, in which he sought leave to file an appeal *nunc pro tunc* from the denial of his first petition. The PCRA granted Mr. Pitts' request. *See Commonwealth v. Pitts*, No. 759 EDA 2000 slip op. at 2-3 (Superior Court, July 11, 2002). Apparently, Mr. Pitts' initial notice of appeal did not reach the proper office within the Clerk of Quarter Sessions. *Id.* at 3, n. 1. In this appeal, Petitioner asserted ineffectiveness of all prior counsel for:

> (1) failing to investigate and secure [Petitioner's] medical records; (2) failing to investigate [Petitioner's] speedy trial claim; (3) failing to investigate and secure [Petitioner's] motor vehicle records; (4) failing to raise and/or preserve the issue that [Petitioner's] jury trial waiver was unlawfully induced; (5) failing to pursue the claim that [Petitioner] was deprived of his right to testify; (6) failing to hire an investigator to secure [Petitioner's] medical records; (7) failing to interview and present a defense witness; and (8) failure of PCRA counsel to allege ineffectiveness of all prior counsel.

*Id.* at 3. The Superior Court of Pennsylvania remanded the matter to the trial court and directed it to file an opinion in support of its dismissal of Mr. Pitts' PCRA petition. *Id.* at 4. The opinion was filed July 19, 2002, and the Superior Court affirmed the order of dismissal by *per curiam* order which was issued November 27, 2002. *See* Response, Exhibit I.

Mr. Pitts filed yet another PCRA petition on September 28, 2004, which he amended on April 13, 2005. This petition was based upon "allegedly exculpatory testimony from Tyrone Anderson, a supposed eye-witness." *Commonwealth v. Pitts*, May Term, 1989, No. 0869 slip op. at [2] (C.C.P. Philadelphia County, May 9, 2005). The PCRA court concluded that this petition was untimely, and it was dismissed. *Id.* at [3].

4

Petitioner appealed this decision in a timely manner, raising the following issue:

> [Whether] the government interfered with clerk of courts office. [*sic*] by not providing [Petitioner] with documents crucial to his defense after years of requesting, until 2005?

*Commonwealth v. Pitts*, No. 2358 EDA 2005 slip op. at 2 (Superior Court, July 7, 2006). The decision of the PCRA court was affirmed. *See Commonwealth v. Pitts*, 907 A.2d 1136 (Pa. Super. 2006) (Table). Once more, Petitioner sought *allocatur*, which the Supreme Court of Pennsylvania denied on November 8, 2006. *See Commonwealth v. Pitts*, 911 A.2d 934 (Pa. 2006) (Table).

On December 1, 2006, Petitioner signed[2] the instant federal habeas petition, and, on December 6, 2006, it was entered on the docket of this Court. Mr. Pitts raises the following claims as a basis for granting habeas relief.

> A. Ground one: Governmental Interference
> Petitioner was arrested by the federal Marshalls [*sic*] without a warrant, and held for more than 8 hours, then Petitioner was turned over to the Philadelphia Police Department.
> At Petitioner['s] preliminary hearing, defense counsel and the prosecution stipulated that if city police officer Bruke [*sic*] was to testify, he would state that he arrested Petitioner, while in fact, federal agent Bruke [*sic*] arrested Petitioner. This was a deliberate attempt to hide and conceal the truth as to how Petitioner was arrested.
>
> B. Ground two: After Discovery Evidence
> Petitioner was unable to obtain the document from the Clerk of Courts for more than 14 years, that would prove that his arrest was illegal. With due diligence for 14 years, Petitioner was finally able to obtain those needed document.

Petition at 9. The Commonwealth denies that Mr. Pitt is entitled to federal habeas corpus relief because his petition is time-barred. *See* Answer at 4.

---

[2] Under the prison mailbox rule, I will accept December 1, 2006, as the date of filing. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998).

## II. **DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA or the Act), signed into law on April 24, 1996, significantly amended the laws governing habeas corpus petitions.

On of the amended provisions, 28 U.S.C. §2244(d), imposes a one-year statute of limitations on state prisoners who seek federal habeas relief. A habeas petition must be filed within one year from the date on which the petitioner's judgment of conviction becomes final. *See* 28 U.S.C. §2244(d)(1).[3]

In applying the one-year statute of limitations to convictions which became final before the AEDPA was signed into law, the Third Circuit has held that habeas petitions filed on or before April 23, 1997, may not be dismissed for failure to comply with §2244(d)(1)'s time limit. *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998).

In the instant case, the Pennsylvania Supreme Court affirmed Mr. Pitts' conviction on February 10, 1992, at the conclusion of direct appeal. Consequently, his conviction became final on May 11, 1992, which is the last date on which he could have filed a timely direct appeal to the United States Supreme Court. *See* Rule 13 of the Rules of the Supreme Court of the United States,

---

[3] While the date on which the petitioner's conviction becomes final is typically the start date for the limitations period, the statute permits the limitation period to run from four different points in time, depending on which occurs latest. In addition to the date on which the petitioner's conviction becomes final, the start date can also run from: (1) "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action"; (2) "the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review"; or (3) "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence".

which provides a ninety-day appeal period after a judgment by the state court of last resort.[4] Because Petitioner's conviction became final before the effective date of AEDPA, he would not have been barred by the statute of limitations from filing a habeas petition on or before April 23, 1997. *See Morris v. Horn*, 187 F.3d 333, 337 (3d Cir. 1999) (AEDPA's one year statute of limitations begins to run on April 24, 1996 - the date of AEDPA's enactment - for a petitioner whose conviction became final before that date). The instant petition was not filed for over nine years beyond the time limit set by §2244(d)(1).

The amended habeas statute does include a tolling provision for "the time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending". *See* 28 U.S.C. §2244(d)(2).

Mr. Pitts' statute of limitations began to run upon enactment of AEDPA and continued for 246 days until Petitioner filed his first PCRA petition on December 26, 1996. The limitations period began to run again on December 27, 2002, when the Superior Court of Pennsylvania affirmed the dismissal of his PCRA petition, and Mr. Pitts failed to appeal to the Pennsylvania Supreme Court within thirty days. *See* Pa.R.A.P. 1113. Consequently, 119 days remained in his one-year time period. The deadline for the filing of a federal habeas petition would have been April 25, 2003.[5] The instant petition was not filed until over three years later.

---

[4]There is nothing in the record that would call for the use of one of the other start dates provided in 28 U.S.C. §2244(d)(1). There was no impediment to filing an application created by State action in violation of the Constitution or laws of the United States which prevented Mr. Pitts from filing a habeas petition. No new constitutional right as been asserted, and at no later date was the factual predicate of the claims presented discovered.

[5]An additional PCRA petition which Mr. Pitts filed on September 28, 2004, and amended on April 13, 2005, was not filed until after his federal statute of limitations had expired, and it was also determined to be untimely by the state court. For both these reasons, this PCRA petition cannot be the basis for any statutory tolling of the AEDPA limitations period. *See Pace v. DiGuglielmo*, 125 S.Ct. 1807, 1811 (2005) (where the state court has rejected petitioner's PCRA petition as untimely, the PCRA petition is not "properly filed" and does not warrant statutory tolling under §2244(d)(2)).

Section 2244's one-year statute of limitations is subject to equitable tolling. However, "equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair'. Generally, this will occur when the petition has 'in some extraordinary way . . . been prevented from asserting his or her rights'. Moreover, to be entitled to equitable tolling, '[t]he petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claim'. Mere excusable neglect is not sufficient [citations omitted]." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir)., *cert. denied*, 123 S.Ct. 2617 (2003).

The Third Circuit has explained that "equitable tolling may be appropriate if (1) the defendant has actively misled the plaintiff, (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum". *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999) (citations omitted). Other instances in which equitable tolling may be appropriate include "where a motion for appointment of counsel is pending or where the court has misled the plaintiff into believing that [he] had done everything required of [him]. *Id.*

In the final analysis, a statue of limitations should be tolled only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice. *Id.* Nothing in the record reveals that Mr. Pitts' petition falls into a category which demands equitable tolling. Therefore, I find that this untimely habeas petition does not warrant federal review, and I recommend that it be denied.[6]

---

[6]Though Mr. Pitts claims "governmental interference" and "after discovery evidence" these claims do not warrant an equitable tolling of the statute of limitations. In no way does Petitioner reveal in his petition, memorandum, or in his two additional responses how he has in some extraordinary way been prevented from asserting his rights, nor has he presented objective evidence that he exercised reasonable diligence in investigating and bringing the claims.
   Furthermore, even if this petition had been filed within the proper time period, these procedurally defaulted claims would not be subject to federal review.

**RECOMMENDATION**

For the reasons stated above, it is recommended that the Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. §2254, be DENIED AND DISMISSED AS TIME-BARRED.  It is further recommended that a finding be made that there is no probable cause to issue a certificate of appealability.

BY THE COURT:


 S/M. FAITH ANGELL
M. FAITH ANGELL
UNITED STATES MAGISTRATE JUDGE